IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Number: 1:21cr230 |
| | ) | The Honorable A. J. Trenga |
| DEYVI PRECXADIS MEZA SOTO, | ) | Sentencing: December 17, 2021 |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S POSITION WITH REGARD TO SENTENCING FACTORS AND REQUEST FOR BELOW GUIDELINE SENTENCE**

COMES NOW the defendant, Deyvi Precxadis Meza Soto, by counsel, Valencia Roberts, and files this position with regard to sentencing.  Mr. Meza Soto has no objection to the information contained in the presentence report ("PSR") and agrees that the guidelines have been properly calculated at 18-24 months.  However, a sentence within the advisory range is greater than necessary to satisfy the sentencing factors delineated in 18 U.S.C. 3553.  Upon consideration of the arguments presented herein, Mr. Meza Soto respectfully requests that the Court sentence him to a term of confinement not greater than 9 months, with no supervised release to follow.

**BACKGROUND**

Mr. Meza Soto pled guilty to Illegal Reentry after Removal, on  October 27, 2021.  The charge (and conviction) immediately follow on the heels of Mr. Meza Soto satisfying a 4-year sentence imposed in Prince William Circuit Court on May 2, 2019.[1]  Thus, Mr. Meza Soto engaged in the instant offense conduct *prior* to imposition of the 4-year-sentence.  His recent

---

[1] On April 6, 2018, Mr. Meza Soto was arrested and charged with two felony offenses that occurred in Woodbridge, Virginia.  He was "found in" the United States by immigration authorities while incarcerated at the local jail.

convictions in the Prince William County were used in tabulating the applicable guideline range in this case, and also account for three of the total four criminal history points assessed.

## RELEVANT SENTENCING LAW

"A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."[2]  In so doing, it may not presume that the Guidelines range is reasonable.[3] The guidelines are not the only consideration.  "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.[4]"  In every case, district court judges are admonished to impose a sentence that is "sufficient, but not greater than necessary," to satisfy the statutory purposes of sentencing.[5]  The district court must adequately explain the chosen sentence, and any sentence imposed is reviewed for reasonableness on appeal.[6]

## ARGUMENT

A. History and Characteristics of Mr. Meza Soto

Mr. Meza Soto is twenty-six years old and was born in Honduras.  He was raised by his maternal grandmother and lived in her home along with approximately a dozen other family members.  PSR ¶46.  The home was small, consisting of a single room that was constructed of mudbrick with a dirt floor.  *Id*.  There was no indoor plumbing or electricity.  Although they were extremely poor, Mr. Meza Soto explains that he was raised in a "loving" home.  *Id*.  His

---

[2] *Gall v. United States*, 552 U.S. 38, 49 (2007)
[3] *Id* at 50.
[4] *Id* at 49-50.
[5] 18 U.S.C. § 3553(a).
[6] *United States v. Diosdado-Star*, 630 F.3d 359, 364 (4th Cir. 2011).

grandmother, whom he describes as the "greatest person in [his] life," died just a few short months ago. *Id*.

Mr. Meza Soto first came to the United States – alone - at or about age 17.  PSR ¶ 47. He has been removed from the United States twice before and was most recently "found" by ICE officials in 2018.  Prior to that arrest almost four years ago, he resided in Woodbridge and/or Alexandria, Virginia. *Id*.

He is unmarried and has a six-year-old daughter who resides with her mother in Maryland.  PSR ¶ 48.  He is in good health, has no  mental health history, and has supported himself and his daughter by working odd jobs for various contractors in the construction field. Before his  arrest, he maintained regular contact with his mother and daughter, both with whom he remains close.

B.  3553(a)' s Retributive Factors

In fashioning an appropriate sentence, the court must impose a sentence that is

Sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).  Mr. Meza Soto has been incarcerated since his arrest by state authorities in April 2018. The instant offense occurred prior to imposition of a four-year prison sentence by the state judge and therefore his total time behind bars should be considered in determining *what* length of imprisonment is sufficient to (1) provide just punishment, (2) promote respect for the law, (3) deter future crimes by Mr. Meza Soto, and (4) protect the public.  Imposition of nine *additional* months for illegally reentering the country addresses these factors and reflects the seriousness of

the offense.  Mr. Meza Soto asks the Court to find that the requested sentence is sufficient, but not greater than necessary to accomplish federal sentencing goals.

1.  *Seriousness of the Offense, Respect for the Law, and Just Punishment*

A defendant's conscious decision to violate the law is always a serious concern, and Mr. Meza Soto's act of unlawfully reentering the United States is no exception.  However, the instant offense is nothing more than an international trespass.  It is non-violent by nature, and the crime itself does not place the public in harms way.  While Mr. Meza Soto's conduct after returning to the United States is obviously concerning, he has already been punished for that behavior. Imposition of a sentence at, or slightly below, nine months sufficiently reflects the seriousness of his illegal reentry and provides just punishment for his crime.

2.  *Protecting the Public*

As reflected in the PSR, Mr. Meza Soto denounced gang culture and withdrew his previous membership from the gang community.  PSR ¶¶ 30-32.  As one would hope, Mr. Meza Soto saw the foolish error of his decisions and has since demonstrated great maturity in turning his life around.  No longer involved with gang activity, Mr. Meza Soto presents a reduced risk of danger to others and/or the community at large.

Finally, should the Court impose the sentence requested, Mr. Meza Soto will have been incapacitated for almost 4 ½ years when he is released from BOP custody.  Even then, he will not be at liberty.  Instead, he will be transferred into ICE custody, further extending his period of confinement.  A sentence no greater than nine months will adequately address the need to protect the public in this case.

**CONCLUSION**

Upon consideration of the arguments herein and those articulated by counsel at sentencing,

Mr. Meza Soto asks the Court to sentence him to a sentence not greater than nine months, with no

supervised release to follow.

Respectfully submitted,
DEYVI PRECXADIS MEZA SOTO

By: _____/s/_____
           Counsel

Valencia Roberts, Esq.
Va. Bar # 44999
Counsel for Defendant
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0870
(703) 600-0880 (fax)
Valencia_Roberts@fd.org